INA BRINTON, Appellant, v. WASHINGTON COUNTY HOSPITAL et al., Appellees.

No. 46110.

OCTOBER 27, 1942.

Crissman & Bleakley, of Cedar Rapids, for appellant.

Edmund D. Morrison and John C. Owen, both of Washington, for appellees.

BLISS, J.—The plaintiff is the widow of W. F. Brinton and a beneficiary under his last will. The individual defendants are trustees of their codefendant, Washington County Hospital, an institution organized under the provisions of what is now chapter 269, Code, 1939. The testator died about the latter part of 1919 or early in 1920, possessed of a substantial estate. By his will he appointed his wife and two others as executors, with directions to them to convert his property into money for investment in interest-bearing securities. One third of his property was given absolutely to his wife, the plaintiff herein.

The net income of the remainder of his estate was directed to be paid to his wife until her death or remarriage. In the event that the income was not sufficient to care for her "suitably and abundantly," he directed that additional funds be furnished her from the principal of the trust estate. The will further provided that:

"At the death or remarriage of my wife, the whole of the Trust estate then remaining shall pass to the Washington County (Iowa) Hospital Association and be named the 'Frank and Ina Brinton Relief Fund' and be a perpetual monument to her and to me.

"Thereafter the Trust estate as then constituted shall be managed by the Trustees of the Hospital and they shall use and appropriate the net income thereof to furnish in said Hospital to poor women in times of childbirth, help and relief which they otherwise would not receive, but $25.00 shall be the maximum sum expended for any one confinement."

Except for some specific bequests, there were no other beneficiaries under the will. Commencing shortly after the testator's death, the widow began to draw heavily from the trust estate, and continued to do so for a number of years, thereby materially reducing the principal assets of the estate.

Some time prior to April 14, 1926, the widow proposed to the then trustees of the hospital that she purchase any and all rights and interest of the hospital in and to the trust estate, and that the hospital make full transfer and conveyance of all said property to her. She proposed to pay $1,500 therefor to the hospital. A contract evidencing the transaction was entered into on said date, according to the plaintiff, but the original contract was not offered in evidence. A purported copy of the contract was embodied in a resolution of the board of hospital trustees, adopted on April 14, 1926, which resolution was introduced in evidence. Among the provisions of the contract were the following:

"Whereas, the allowances heretofore made and paid to said Ina Brinton out of the principal of said trust estate have so reduced the same in amount and value, and the limitations upon

the use of said trust estate, if and when available to said Hospital, are of such a character as to make same of so little practical value to said Hospital or its beneficiaries, that in the judgment of the Board of Trustees of said hospital it would be for the best interests of the said hospital and the interests represented by them, to realize from said estate some immediate cash benefits in lieu of the contingent and doubtful benefits otherwise accruing, in consideration of the relinquishment by said Hospital of any and all other claims under said will, or to said estate, and to the management or control of the property remaining in said estate, and

"Whereas, it is the mutual desire of all parties concerned as beneficiaries of said trust estate to provide for said Hospital some immediate cash benefits to be used *in compliance with the spirit of the provisions of the will of said deceased,* and to obtain release and surrender of the full title and control of all property of the estate of W. F. Brinton remaining, to Ina Brinton, his surviving widow and other beneficiary, [Italics ours.]

"Now, therefore, * * *"

The appellant places much reliance on the italicized words. As provided in the contract, the attorney began proceedings to procure an order of court authorizing the performance of the contract. An application to the court, in behalf of and signed by Ina Brinton and the hospital, was filed in the estate proceedings, setting out the terms of the will, the property remaining, the disbursements to the widow, the resolution and contract. After referring to the sums of money paid to the widow, the application states:

" * * * and such payments have materially reduced the principal assets of said estate; that in the opinion of the Board of Trustees * * * the value remaining in the property of said estate reckoned as part of the trust estate under the provisions of said will, is uncertain and doubtful, and that in any event at the present rate of disbursement for annual allowances to the surviving widow from the principal of said estate, together with other costs and expenses, the interest and value therein accruing to the residuary legatee in the event of the death or

remarriage of the surviving widow, will without doubt in the course of not to exceed several years, be entirely exhausted.''

On May 15, 1926, the court made an order authorizing the consummation of the transaction. Thereafter the remaining estate property was all transferred to Ina Brinton and the estate was closed, and on September 16, 1926, the appellant gave her personal check payable to the order of Washington County Hospital. On the face of the check is this writing: ''Payment under agreement of June 3, 1926.'' There is nothing in the record to explain this writing or to indicate what the agreement of June 3, 1926, was. The appellant, as a witness, never mentioned the matter.

On February 24, 1941, appellant filed her petition in this action, alleging the contract of April 14, 1926, the payment of the $1,500 under an alleged agreement on the part of the Hospital to set the same aside as a trust fund to be known as the ''Frank and Ina Brinton Relief Fund,'' and to be used for the purpose stated in her husband's will. The petition also alleged that the hospital had failed and neglected to establish said fund, or to use it for the purposes agreed upon by the appellant and the hospital, though repeatedly called upon to do so. She prayed for a writ of mandamus commanding the appellees to establish the trust fund for the purpose agreed upon and designated in the W. F. Brinton will.

The appellees answered, admitting the payment of the $1,500, but alleged that it was received as the absolute property of the hospital in satisfaction and settlement of its rights under the will, and that the money was not received in trust, nor so kept, but was paid out in the operation of the hospital; that the appellant had so manipulated the affairs of the estate to her own advantage to such extent that the estate would shortly have been wholly exhausted and all provisions of said will for any and all other beneficiaries wholly nullified, including the large income to the appellee hospital, and by reason thereof the appellee was induced to accept said sum of $1,500 in compromise settlement of its profitable rights in said estate; that at the time of paying said sum, and at all times thereafter, until shortly before this action, the appellant and this appellee recognized

that the $1,500 was the sole property of the hospital, to be used by it for general hospital purposes, and appellant acquiesced in the hospital's immediate use thereof during the year 1926, and never at any time during said period of almost 14 years made any claims or demands otherwise, and that by reason of the facts stated appellant waived and is estopped to bring or maintain this action.

The oral testimony is of little help in the determination of the case. The appellant gave little testimony, and none of it offers any information with respect to the transaction involving the payment of the $1,500. At the time she paid it to the county treasurer, she received from that officer his receipt for the money. On the receipt is the statement: "Credited to County Hospital Fund," and also the statement: "Payment under agreement of June 3, 1926." She must have known that the money went into the general hospital fund, for general hospital expense. There is no mention in the contract of April 14, 1926, or the resolution of the same date, or in the application of the appellant and the hospital to the court, or in the court's order, that the money was to be held in trust for any purpose whatsoever. On the contrary, the contract expressly shows that it was the intention of the parties that the money was to be spent at once, as it states that it was for the best interest of the hospital to realize from the estate "some immediate cash benefits in lieu of contingent and doubtful benefits." All parties realized that any part of the estate, "if and when available to said Hospital," would be of "little practical value to said Hospital *or its beneficiaries.*" It is fair to say that the "beneficiaries" referred to were the mothers needing financial aid in confinement, and that the parties realized that any trust estate which might be available to the hospital would be of too little value to support the charity which the testator contemplated. The $1,500 which Mrs. Brinton paid was no part of the estate but was from her personal funds. It appears to us that the appellant, realizing that within a few years there would probably be no property in the trust estate, was willing to contribute some money to the hospital as a token compliance, at least, "with the spirit of the provisions of the will of said deceased."

. The appellant took the homestead of the testator as a part of the one third of the estate devised to her. She apparently has made her home in Washington, Iowa, and yet for 13 years she made no complaint because no trust was established. There is no evidence that she ever made any inquiry. Such conduct on her part gives significant support to the contention of the appellees.

The suit was presented to an able trial court, and after a careful review of the record we are convinced that the decision appealed from should be sustained. The judgment and decree is, therefore, affirmed.—Affirmed.

WENNERSTRUM, C. J., and MITCHELL, SAGER, MILLER, GARFIELD, STIGER, and HALE, JJ., concur.

OLIVER, J., dissents.

OLIVER, J. (dissenting)—I respectfully dissent. It appears that the President of the Board of Trustees of the Hospital Association, who executed on its behalf the contract of April 14, 1926, was at said time one of the executors of the estate of Frank Brinton. In my opinion, the contract and the order of court approving the same did not change the character of the trust. They merely served to fix the amount of the fund and accelerate the time of its receipt by the trustees. Appellees' contention that the $1,500 was paid "in satisfaction and settlement of its rights under the will" does not appear sustainable in view of the fact that the hospital association had no "rights" other than in this trust. Had the contract contemplated the destruction of the trust, I do not think it would have been valid. Nor do I think it material that the dereliction of the trustees in handling the trust fund was not promptly assailed.